**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER A. JONES, | No. 11-15579 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00537-LRH-VPC |
| v. | |
| E. K. MCDANIEL, Warden and ROBERT CHAMBLISS, Caseworker II, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Appellant Christopher Jones appeals the district court's partial denial of his

requested bill of costs, and the district court's denial of his "Emergency Motion for

Order" in which he asked the district court to instruct the Nevada Department of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Corrections (DOC) to deposit the proceeds from the offer of judgment in this case into his Trust 2 inmate account. We have jurisdiction under 28 U.S.C. § 1291.

The DOC does not dispute that it was served with Jones's proposed bill of costs by mail, nor does it argue that it lacked notice of the bill of costs. Accordingly, the district court abused its discretion when it concluded that the "likely reason" for the DOC's failure to respond within 14 days of service was "lack of notice regarding the bill of costs." *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009). Because the DOC's failure to object to the cost bill constitutes consent to the award of all costs included therein, *see* D. Nev. Local R. 54-13, and the district court did not indicate that there were any other reasons why the "interests of justice" required the district court to allow DOC to make an untimely filing to object to the bill of costs, D. Nev. Local R. IA 3-1, Jones is entitled to the full amount of his requested $662.87 in costs.

The district court did not err when it denied Jones's "Emergency Motion for Order" requesting that the proceeds from the offer of judgment be placed into his Trust 2 Account. Under Nevada law, which governs here, *see* Fed. R. Civ. P. 69(a)(1), the district court's authority to execute the judgment ends once it forwards the money to Jones, Nev. Rev. Stat. § 176.278(3). To the extent Jones raises a constitutional claim under § 1983 that the prison violated his due process

2

rights by not depositing the money judgment into his Trust 2 account, Jones has not yet exhausted this claim. 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 87–88 (2006). Nor has Jones identified an applicable state law cause of action. Accordingly, we need not address whether the DOC has waived sovereign immunity. *Cf. Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613 (2002).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

---

[1] Each party shall bear its own costs on appeal. Jones's motion for audio CD of argument is denied.